IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO: _____

| | |
|---|---|
| KELLI MUSE<br>      Plaintiff,<br><br>v.<br><br>ONSLOW COUNTY BOARD OF<br>BOARD OF EDUCATION,<br>RUSSELL ERIC WHITFIELD<br><br>      Defendant. | COMPLAINT<br>DEMAND FOR JURY TRIAL |

NOW COMES Plaintiff, complaining of Defendants, and alleges and says as follows:

## INTRODUCTION

1. This is an action brought to remedy discrimination against Plaintiff in the terms, conditions, and privileges of employment, and to recover damages suffered by Plaintiff as a result of harassment and disparate treatment at work because of her gender.

2. Plaintiff's Complaint is brought under Title VII of the Civil Rights Act of 1964 (Title VII) set forth in 42 U.S.C 2000e et seq. and 42 U.S.C. § 1981a.

3. This action includes pendent North Carolina state law claims for intentional infliction of emotional distress, negligent infliction of emotional distress, and negligent supervision and retention.

4. Plaintiff seeks monetary relief, compensatory damages, injunctive relief, and punitive damages pursuant to 42 U.S.C. § 2000e(g), 42 U.S.C. § 1981A(b), and North Carolina law.

## PARTIES

5. Plaintiff, Kelli Muse, is a citizen and resident of Craven County, North Carolina.

1

6. Defendant, Onslow County Board of Education, (hereinafter "Defendant Board" or "the Board") is a corporate body located in Jacksonville, North Carolina with powers granted by the State of North Carolina to generally control and supervise all matters pertaining to the Onslow County Schools ("OCS"). N.C. Gen. Stat. §§115C-36, 115C-40.

7. At all times relevant to this Complaint, Plaintiff worked for, and was employed by, Defendant Board.

8. Upon information and belief, Defendant Eric Whitfield is a citizen and resident of Onslow County, North Carolina.

## JURISDICTION AND VENUE

9. Plaintiff resides in the Eastern District of North Carolina.

10. Plaintiff has exhausted all her administrative remedies.

11. Jurisdiction of the court is proper under §706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3).

12. The unlawful employment practices complained of herein occurred within Onslow and Craven Counties in North Carolina, and venue properly lies in the Eastern District of North Carolina pursuant to 706 of Title VII, 42 U.S.C. 2000e-5(f)(3).

13. Supplemental jurisdiction of the court regarding the North Carolina state law claims is proper under 28 U.S.C. §1367.

## FACTUAL ALLEGATIONS

14. Plaintiff began working for Defendant Board in 2019.

15. In or about October 2021, Plaintiff reached out to three members of the Board, Ken Reddick, Melissa Oakley, and Defendant Whitfield, concerning systematic issues she observed within the District.

16. Plaintiff was concerned about the delay in approval of financial decisions because the secretary who makes the approvals only works part time, two days per week. Plaintiff witnessed, *inter alia*, how this can negatively impact teachers who were trying to register for continuing education classes but were unable to attend due to not receive financial approval in time.

2

17. Prior to contacting the Board members, Plaintiff attempted to communicate with Jeffrey Hollamon, the Defendant Board's Chief Financial Officer, and William Laine, Defendant Boards' Executive Director of Secondary Education, about these issues without success.

18. On October 22, 2021, Plaintiff met with Defendant Whitfield at her office for a couple of hours to discuss Plaintiff's concerns. Defendant Whitfield appeared interested in the systemic issues Plaintiff highlighted. He was engaging and Plaintiff believed he would be helpful in instituting policy changes.

19. From October 23, 2021 through November 2021, Defendant Whitfield sent Plaintiff a friend request, which Plaintiff accepted, engaged with her posts, and asked questions about her dogs. Defendant Whitfield's conduct was not alarming.

20. On or about December 3, 2021, Defendant Whitfield called Plaintiff to follow up concerning the issues Plaintiff raised in December. During this call., Defendant Whitfield advised Plaintiff that she did not count as a staff member. Plaintiff asked Defendant Whitfield to clarify his statement. Defendant Whitfield stated that because Plaintiff does not live in the count she works in, and she does not pay taxes in that county, her opinion did not count.

21. On or about December 3, 2021, Ms. Oakley, another member of the Board, contacted Plaintiff. Ms. Oakley advised that Defendant Whitfield informed her that he "made [Plaintiff] mad". Plaintiff explained Defendant Whitfield's representations about her ability to make recommendations to the Board. Ms. Oakley advised she agreed with Plaintiff's interpretation.

22. On December 4, 2021, Plaintiff received text messages and Facebook messages from Defendant Whitfield. Defendant Whitfield continued to berate Plaintiff that her opinions about District affairs did not count.

23. Plaintiff expressed her belief that Defendant Whitfield's representations were not accurate. Defendant Whitfield proceeded to accost Plaintiff via Facebook messages and other methods of communication. He posted videos wherein he called Plaintiff "retarded" and a "stupid bitch."

24. On or about December 5, 2021, Defendant Whitfield messaged Plaintiff from the Board's page and asked where she was. Defendant Whitfield asked, "Where are you located?" to which Plaintiff responded, "why do you want to know that". Upon information and belief, Defendant Whitfield did not respond. The communication scared Plaintiff so much she immediately rushed home from Raleigh to check on 17-year-old daughter.

3

25. On or about December 15, 2021, Defendant Whitfield emailed the Plaintiff, Counsel for Defendant Board Alex Erwin, Board Chairman Bob Williams, and Onslow County Superintendent Barry Collins and accused Plaintiff of making a false report to the health department regarding his septic tank. He further accused Plaintiff of driving by his home. Plaintiff did not report Defendant Whitfield to the health department, nor did she drive by his home. Plaintiff did not respond to this accusation.

26. Defendant Whitfield also sent the accusation to a Facebook group. At the close of the post he said, "Oh yeah. I have [Plaintiff] blocked so whoever runs this page, pass this question along to her".

27. On or about December 5, 2021 Plaintiff filed a grievance with the Board due to Defendant Whitfield's bullying, harassment, sex-based discrimination and cyber stalking.

28. On or about December 5, 2021, Plaintiff posted about her ordeal with Defendant Whitfield on Facebook. Several of her friends commented.

29. Inexplicably, on December 6, 2021, Defendant Whitfield began reaching out via Facebook posts. Messages included Defendant Whitfield seemingly providing people with his Facebook login information.

30. On or about December 6, 2021 Plaintiff filed criminal cyberstalking charges against Defendant Whitfield.

31. On December 7, 2021, Kristin Greer, an Onslow County parent and victim of Defendant Whitfield's harassment, addressed Defendant Board with comments related to recent interactions with Defendant Whitfield. Ms. Oakley called for a motion to censure Defendant Whitfield for the sake of poor Board member conduct. Chairman Williams stated the motion was out of order.

32. On or about December 8, 2021, Plaintiff had a surgical procedure and was placed on medical leave through January 3, 2022.

33. On or about December 9, 2021, Plaintiff went to Mr. Erwin, the Board attorney's, office to drop off printed copies of screenshots concerning Mr. Whitfield. Plaintiff had surgery less than 24 hours prior.

34. On December 10, 2021, Defendant Whitfield was served with criminal charges related to the behavior complained of hearing.

35. On December 13, 2021, Plaintiff's request for a no contact order against Defendant Whitfield was denied by the court.

4

36. On or about December 15, 2021, Plaintiff received mail at her home from Defendant Whitfield and an email to her work email address from Defendant Whitfield's Board email address. The mail was a copy of a letter Defendant Whitfield sent to Onslow County Courts explaining why he should not be charged.

37. On December 16, 2021, Defendant Whitfield posted a video about his court date for Plaintiff's charges of cyberstalking and request for a restraining order against him under the guise of the video being a fictional story. In the video, he calls Plaintiff a "bitch" and "retarded".

38. On or about December 17, 2021, Defendant Whitfield posted his criminal complaint on Facebook, stating, "I am the meanest person! I am twice as mean as the [P]laintiff and 20 million times smarter! The [P]laintiff is going down and I will be there to laugh. It will be delicious. Tasty yum yum."

39. On December 17, 2021, Plaintiff emailed Superintendent Collins, Ms. Oakley, C.J. Korenek, Defendant Board's Assistant Superintendent of Human Resources, Chairman Williams, Chris Bailey, Defendant Board's former CTE Director, and Attorney Erwin regarding Defendant Whitfield's harassment. In the email, Plaintiff included a picture of mail that was sent to her house by Defendant Whitfield and Defendant Whitfield's videos from December 16 and 17, 2021 (See ¶¶ 36 and 37). Plaintiff requested that Defendant Whitfield be blocked from her work email and that Defendant Whitfield not be allowed at her workplace.

40. On December 18, 2021, Defendant Whitfield posted about how easy it is to make fake Facebook messages. He also accused Plaintiff of being a member of the Ku Klux Klan. He stated, "I'm fighting the KKK (K---- ----- [Plaintiff], Kelli Knapp, and Kristin Greer)".

41. On December 19, 2021, Defendant Whitfield posted a video titled "Fake Story" on his YouTube channel, thirdtable dot org. In the video, Defendant Whitfield acts out his allegations of Plaintiff coming to his home and filing a false report with the health department about his septic tank. Defendant Whitfield calls Plaintiff a "liar" and "scumbag" in the video.

42. On December 19, 2021, Defendant Whitfield posted a video titled "Long term strategy explained" on his YouTube channel, thirdtable dot org in which he explains that being "mean" and "hated" was part of his political strategy. He also calls running for the school board "a game…I wasn't supposed to win".

43. On December 20, 2021, Defendant Whitfield posted another false statement about Plaintiff.
44. On or about December 20, 2021, Plaintiff dropped of screen shots of all the communications from Defendant Whitfield Detective Dorn, an investigator with Onslow County Sheriff's Office. The case was later transferred to Sergeant Kensington.
45. On or about December 20, 2021, Plaintiff and her husband went to Mr. Erwin's office to drop off screenshots of all the communications from Defendant Whitfield. Plaintiff showed Mr. Erwin a video of Defendant Whitfield calling her a "stupid, retarded bitch". In this meeting, upon information and belief, Mr. Erwin stated that he had not been able to talk to Defendant Whitfield and had a meeting to speak with Kristin Greer, another target of Defendant Whitfield's.
46. On or about December 25, 2021, Defendant Whitfield posted a photo of a restaurant called "Kelly's Kitchen" on Facebook.
47. On or about December 27, 2021, Defendant Whitfield posted on Facebook about bringing concerns to the Board regarding Facebook incidents, referring to it as a waste of time and bullying.
48. On or about December 31, 2021, a thirdtable.org page was created titled "ERIC WHITFIELD AND HIS FIGHT AGAINST THE KKK". The page named Plaintiff, Kelli Knapp, and Kristin Greer as the KKK.
49. On or about December 31, 2021, Defendant Whitfield posted a video on his third table dot com YouTube channel titled "Reputation Preservation" in which he discussed bullying, politics, and preserving his reputation.
50. On January 4, 2022, there was a Board meeting. Plaintiff's husband, Greg Muse, addressed the Board about their failure to address Defendant Whitfield's bullying, harassment, and cyberstalking of Plaintiff.
51. The Board went into closed session to address personnel matters. When the Board returned, Chairman Williams noted that the Board discussed a grievance against a board member. A motion was made by Ms. Oakley and seconded by Mr. Speranza to censure Defendant Whitfield, which was passed unanimously.
52. On or about January 5, 2022, Defendant Whitfield posted a video top his third table dot org YouTube Channel of Mr. Muse speaking to the Board with audio overlayed to imply that Mr. Muse is a dog.

53. On January 5, 2022, Defendant Whitfield posted a video whereby he states he "did not have sexual relations with that woman". Defendant Whitfield implied that the reason he was censured was because Plaintiff alleged a nonexistent sexual relationship.
54. When Plaintiff saw the video, she immediately went to the Superintendent's office to discuss this matter. Plaintiff was advised she would need an appointment.
55. On or about January 7, 2022, Defendant Whitfield posted a video titled "Ranting over Republicans" in which he claims to be cyberstalked and states he may press charges.
56. On January 9, 2022, Defendant Whitfield posted under the Facebook account "Citizen in New Bern". In this post, Defendant Whitfield alleged the following:
    a. Plaintiff filed the restraining order against him to gain political advantage and or "inflict political demise" upon him;
    b. Plaintiff invited him to "check [her] out on Facebook" when he did not have a Facebook account;
    c. Plaintiff used the restraining order strategically to prevent Defendant Whitfield from attending school board meetings, which are held in the building in which Plaintiff works.; and
    d. Defendant Whitfield committed no crimes against Plaintiff is not a threat.
57. On or about January 10, 2022, Mr. Erwin advised Plaintiff that the investigation into her grievance was completed, and the results were "inconclusive". [1] Mr. Erwin served as the investigator. Plaintiff has never received documentation regarding how Mr. Erwin arrived at his decision pursuant to Board Policy Numbers 1720, 4015, and 7725.
58. Mr. Erwin "informed the Board of [his] results" and provided the Board with additional information about Plaintiff's concerns regarding Mr. Whitfield.
59. Mr. Erwin advised that the Board asked him to issue letters of censure.
60. On January 11, 2022, Mr. Whitfield was issued a no contact order as a condition of the pending related criminal case against him.
61. On January 13, 2022, Plaintiff contacted Dr. C.J. Koreneck to ask about the District's coverage of therapy.
62. On or about January 14, 2022, Plaintiff filed a notice of appeal, stating she disagreed with the results of Mr. Erwin's investigation. Dr. Koreneck was also notified.

---

[1] Erwin email to Muse, January 10, 2022

63. On January 17, 2022, Defendant Whitfield posted on thirdtable.org SHUT UP Eric Whitfield – Judge /Hardison says so."
64. Upon information and belief, on or about January 30, 2022, Defendant Whitfield reached out to all members of the Board and advised that not censuring him would be better for him and Plaintiff.
65. On January 21, 2022, Plaintiff emailed Superintendent Barry Collins regarding her matter. Plaintiff requested information about her grievance and requested that an outside investigator be used for her grievance due to a conflict of interest.
66. On January 21, 2022, Dr. Korenek informed Plaintiff that although her therapy sessions were related to her grievance, she would have to use earned sick leave to attend the sessions.
67. On or about January 24, 2022, Plaintiff began counseling services due to the stress and anxiety caused by Defendants' actions in this matter.
68. Upon information and belief, on or about January 30, 2022, Defendant Whitfield reached out to all members of the Board and advised that not censuring him would be better for him and Plaintiff.
69. On or about January 30, 2022, Defendant Whitfield posted the following on Facebook: "Warning to All Bullies: There is a bully named Kelli Muse that has been operating in Onslow County Schools for several years even". In the comments of the post, Defendant Whitfield accused Plaintiff of bullying him, an Onslow County Judge, Alex Erwin, members of Defendant Board, and others.
70. On or about January 31, 2022, the no contact order was continued until March 17, 2022.
71. On or about February 1, 2022, Defendant Whitfield posted a video titled "Cyberstalking Timeline" on his YouTube channel, Craven County Bitches, and posted it on Facebook. Plaintiff works and lives in Craven County. In the video, Defendant Whitfield alleges that he did not know what cyberstalking was and accused multiple community members of cyberstalking him. He states that he forgot that Plaintiff, whose name he uses multiple times, even existed between October 23, 2021 and December 2021. He then reads a timeline of his interactions with Plaintiff in December 2021.
72. Defendant Whitfield's complete timeline was posed on thirdtable.org on a page titled "Vote for Eric Whitfield". This posting contains the same events regarding Plaintiff discussed in "Cyberstalking Timeline", but Plaintiff's name is redacted in the posting.

73. On February 1, 2022, Defendant Whitfield posted a video titled "Dancing and Cyberstalking" on his YouTube channel, Craven County Bitches, in which he dances behind the words "Dancing/Cyberstalking".

74. On February 1, 2022, Defendant Whitfield posted a video titled "Do you hate free speech?" on YouTube in which he reads a letter sent to him by Melissa Oakley. In the letter, Ms. Oakley details Defendant Whitfield's defamatory remarks against and harassment of her on social media and the internet.

75. On February 1, 2022, the Board held its monthly meeting. Vice Chairman Jeffrey Hudson made a motion to table the censure of Defendant Whitfield; the motion was unanimously approved.

76. On February 1, 2022, WITN News reported that the Board voted to hire an outside legal firm to provide counsel regarding the censure of Defendant Whitfield. Defendant Whitfield addressed the Board at the meeting.

77. On February 3, 2022, Plaintiff submitted a Title IX Formal Complaint to Defendant Board against Defendant Whitfield for his comments about "not having sexual relations with that woman" (See ¶ 51). Plaintiff indicated on the Title IX form that she wished to have the matter formally investigated.

78. On February 4, 2022, Mr. Erwin informed Plaintiff that Defendant Board voted during their board meeting on February 1 to form a litigation committee and hire an outside attorney to further investigate the complaint and grievance (See ¶ 75). Mr. Erwin advised that this could prolong the investigation of the matter.

79. Plaintiff learned that this Committee was compromised of male board members only; Ms. Oakley, the only female, was excluded.

80. On February 9, 2022, Defendant Whitfield received two days in jail for criminal contempt after violating the no contact order issued on January 11, 2022.

81. On or about February 11, 2022, Plaintiff was informed by a friend that Defendant Whitfield posted a Twitter link to a book that he wrote titled "Onslow/Craven County Facebook Scandal: Chronicle of Kelli Muse's Defeat". The book is available on Amazon. The book includes screen shots of conversations between Defendant Whitfield and Plaintiff; screenshots of emails sent by Defendant Whitfield; a timeline of events from October 23, 2021 to January 11, 2022; questions directed at Plaintiff; and excerpts of N.C.G.S. § 14-196.3 regarding cyberstalking.

82. On March 1, 2022, Plaintiff and Brendan Gartner, Defendant Board's Executive Director of Human Resources and Student Services, and William Laine Defendant Board's Executive Director of Secondary Education, met to discuss Plaintiff's Title IX Complaint. In the meeting, Plaintiff described Defendant Whitfield's continued harassment of her, the effects of the harassment on her mental health, and her fear of Defendant Whitfield's actions. Plaintiff requested that her schedule be altered to accommodate her mental health struggles resulting from the harassment and that she and Defendant Whitfield not be in the same building. Mr. Gartner and Mr. Laine declined to view the videos related to Plaintiff's complaint.
83. On or about March 2, 2022, Defendant Whitfield posted another book on Amazon titled "Onslow/Craven Facebook Scandal Chronicle of Kelli Muse's Defeat: Most times evil people win. Not this time.".
84. On or about March 3, 2022, Plaintiff filed a Complaint of Discrimination against Defendant Board with the Equal Employment Opportunity Commission.
85. On or about March 7, 2022, Defendant Whitfield posted a hardback version of his previous book, "Onslow/Craven Facebook Scandal Chronicle of Kelli Muse's Defeat: Hardback Version".
86. On March 11, 2022, Defendant Board dismissed Plaintiff's Title IX grievance on the grounds that Defendant Whitfield's actions did not constitute sexual harassment under Title IX and did not occur in the District's educational program or during an activity in which the District had substantial control.
87. On March 21, 2022, Plaintiff appealed Defendant Board's decision.
88. On March 29, 2022, Plaintiff sent a formal resignation to Mr. Laine. Her last day was listed as April 12, 2022.
89. On March 30, 2022 Plaintiff emailed her resignation to her some of her colleagues and explained why she was resigning. She advised them to submit any request or documents as soon as possible so she could address them before her last day.
90. On March 31, 2022, Mr. Laine terminated Plaintiff in retaliation for her grievance, complaint, and threatened lawsuit, and as an alternative to addressing Defendant Whitfield's actions.
91. On April 7, 2922, Defendant Whitfield was convicted of one court of cyberstalking; received a fifteen-day suspended system and twelve months' probation; ordered to obtain an anger management assessment and ordered to stay aware from Plaintiff.

92. On April 10, 2022, Defendant Board issued a letter stating they would uphold the Dismissal of the Formal Complaint of Sexual Harassment as the grounds of the appeal were unsubstantiated.
93. On April 10, 2022, Plaintiff responded to the dismissal of her appeal. Plaintiff pointed out that Mr. Gartner and Mr. Laine declined to view the video evidence supporting her Title IX Complaint, and that her complaint was not formally investigated as requested in the Title IX Complaint form.

### CLAIM FOR RELIEF: PETITION FOR JUDICIAL REVIEW

94. Plaintiff reasserts and realleges the forgoing paragraphs and incorporates them by reference herein.
95. Plaintiff disagrees with the decision of the Onslow County Board of Education investigator that the results of her grievance were "inconclusive."
96. Plaintiff supplied more than enough information including screen shots, for a finding that Defendant Whitfield engaged in bullying, harassing and/or discriminatory.
97. The Board failed to follow its own policies regarding how the investigation was conducted.
98. The Board and/or its investigator failed to specify whether allegations were substantiated and take appropriate action.
99. The Board and/or its investigator failed to notify Plaintiff of her right to appeal.
100. The Board and/or its investigator failed to notify Plaintiff of her ability to be represented by advocate or attorney.
101. The decision of the Board to completely investigate this matter is arbitrary and capricious.
102. Therefore, Plaintiff is entitled to judicial review of the Board decision to find that the investigation was inconclusive, and that Defendant Whitfield was only subject to censure.

### CLAIM FOR RELIEF: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
(Board – EEOC Requirement)

103. Plaintiff reasserts and realleges the forgoing paragraphs and incorporates them by reference herein.
104. Pursuant to Title VII of the Civil Rights Act, it is unlawful for an employer to discriminate against any individual concerning her compensation, terms, conditions, or privileges of employment due to the individual's sex.

105. Sexual harassment, including unwelcome sexual advances and other verbal or physical conduct of a sexual nature is a form of sex discrimination prohibited by Title VII.
106. Defendant Onslow County Board of Education failure to appropriately reprimand Defendant Whitfield created an offensive and/or hostile work environment for Plaintiff.
107. As a result of Defendant Onslow County Board of Education's negligent supervision, and failure to reprimand Defendant Whitfield, Plaintiff suffered injury and/or damages in excess of $100,000.00.

<u>CLAIM FOR RELIEF: NEGLIGENT SUPERVISION AND RETENTION</u>
(Defendant Onslow County Board of Education)

108. Plaintiff reasserts and realleges the forgoing paragraphs and incorporates them by reference herein.
109. Defendant Board owed Plaintiff a duty of care to maintain a safe and secure work environment free from discrimination, harassment, misconduct, and intimidation.
110. Defendant Board, through its agents, owed Plaintiff a duty of care to restrain Defendant Whitfield from the continued harassment of Plaintiff, to investigate the harassment as it became known to management employees, and to take appropriate action in order to deter Defendant Whitfield from continuing in his misconduct.
111. Defendant Board was negligent in one or more of the following respects:
    a. By failing to adequately supervise Defendant Whitfield and to stop his harassment of Plaintiff;
    b. By failing to implement and/or enforce an effective antibullying and anti-harassment policy for Board members;
    c. By failing to control and eliminate the atmosphere of continued harassment; and
    d. By failing to halt the harassing and bullying behavior by Defendant Whitfield, but rather tolerating such behavior as acceptable.
112. Defendant Board's negligent proximately caused Plaintiff emotional distress and mental suffering.
113. Plaintiff is entitled to compensatory damages in an amount exceeding $100,000.00 as a proximate result of Defendant Board's negligence.

### CLAIM FOR RELIEF: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (Defendant Whitfield)

114. Plaintiff reasserts and realleges the forgoing paragraphs and incorporates them by reference herein.

115. Defendant Whitfield acted or behaved in a negligent manner;

116. It was reasonably foreseeable that that Defendant Whitfield's behavior would cause severe emotional distress to the Plaintiff.

117. Defendant Whitfield's conduct did, in fact, cause the Plaintiff severe emotional distress.

118. As a result of Defendant's negligent behavior resulting in emotional distress to Plaintiff, Plaintiff suffered injury and/or damage in excess of $100,000.00.

### CLAIM FOR RELIEF: SLANDER (Defendant Whitfield)

119. Plaintiff reasserts and realleges the forgoing paragraphs and incorporates them by reference herein.

120. Defendant Whitfield made false statement of fact. (statement was true, so this may not work);

121. Defendant Whitfield made the statement regarding "sexual relations" with Plaintiff to cause injury to the Plaintiff's reputation.

122. Defendant Whitfield's statement was concerning Plaintiff.

123. Defendant Whitfield's statement was published to a third party.

124. As a result of Defendant's false statement, Plaintiff has suffered injury and/or damages in excess of $100,000.00

### CLAIM FOR RELIEF: DEFAMATION (Defendant Whitfield)

125. Plaintiff reasserts and realleges the forgoing paragraphs and incorporates them by reference herein.

126. Defendant Whitfield made false statements about Plaintiff that caused Plaintiff to suffer contempt or ridicule.

127. Defendant Whitfield caused injury to Plaintiff's reputation by making false, defamatory statements concerning Plaintiff.

128. Defendant Whitfield published these defamatory statements to third parties via social media and communications directly to Plaintiff's family and friends.
129. As a result of Defendant Whitfield's false, defamatory statements Plaintiff suffered injury and/or damages in excess of $100,000.00.

WHEREFORE, Plaintiff respectfully requests the following relief:

1. That all issues of fact raised by this pleading be tried by a jury;
2. That this court review Defendant Board's findings concerning Plaintiff's harassment complaint against Defendant Whitfield;
3. That Plaintiff have and recover of Defendant Board of Education for Violation of Title VII of the Civil Rights Act, damages in an amount exceeding $100,000.00;
4. That Plaintiff have and recover of Defendant Board of Education for negligent supervision and retention, damages in an amount exceeding $100,000.00;
5. That Plaintiff have and recover of Defendant Whitfield, negligent infliction of emotional distress, damages in an amount exceeding $100,000.00
6. That Plaintiff have and recover of Defendant Whitfield, for slander, damages in an amount exceeding $100,000.00;
7. That Plaintiff have and recover of Defendant Whitfield, for defamation, damages in an amount exceeding $100,000.00;
8. Tax costs of this action to Defendants, jointly and severely;
9. Award Plaintiff's reasonable attorney's fees; and
10. Any other relief this Court deems just and proper.

This the 19th day of April, 2022.

/s/ Neubia L. Harris
Neubia L. Harris
N.C. Bar No.: 42069
The Law Office of Neubia L. Harris, PLLC
203 West Millbrook Road, Suite 101
Raleigh, NC 27609
(919) 526-0500 (telephone)
(919) 589-3935 (facsimile)
neubia@neubiaharrislaw.com (e-mail)